IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELIZABETH WINSLOW,

        Plaintiff,                                  No. 02:13-cv-00467-HZ

      v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,              OPINION & ORDER

        Defendant.

Tim Wilborn
WILBORN LAW OFFICE, P.C.
P.O. Box 370578
Las Vegas, Nevada 89137

       Attorney for Plaintiff

S. Amanda Marshall
UNITED STATES ATTORNEY
District of Oregon
Ronald K. Silver
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97201-2901

1 - OPINION & ORDER

Heather L. Griffith
SPECIAL ASSISTANT UNITED STATES ATTORNEY
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104-7075

  Attorneys for Defendant

HERNANDEZ, District Judge:

  Plaintiff Elizabeth Winslow brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-34. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). I reverse the Commissioner's decision and remand for benefits.

## PROCEDURAL BACKGROUND

  Plaintiff applied for DIB on August 12, 2008, alleging an onset date of December 27, 2007. Tr. 123-24. Her application was denied initially and on reconsideration. Tr. 63-71, 73-81.

  Plaintiff initially appeared for a hearing in November 2010, but it was postponed to allow her to find representation. Tr. 48-55. On March 1, 2011, Plaintiff appeared, with counsel, for a hearing before an Administrative Law Judge (ALJ). Tr. 482-540. On March 31, 2011, the ALJ found plaintiff not disabled. Tr. 26-46. The Appeals Council denied review. Tr. 1-4.

## FACTUAL BACKGROUND

  Plaintiff alleges disability based on pain and swelling in her legs and feet, neuropathy, enlarged liver, fatigue, nausea, dizziness, blurred vision, back pain, and difficulty concentrating. Tr. 132, 170. At the time of the hearing, she was forty-three years old. Tr. 491. She completed high school and has a two-year degree in animal technology. Id. Because the parties are familiar

with the medical and other evidence of record, I refer to any additional relevant facts necessary to my decision in the discussion section below.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(a).

Disability claims are evaluated according to a five-step procedure. See Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether plaintiff's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date through her date of last insured. Tr. 31. Next, at step two, the ALJ determined that Plaintiff has severe impairments of (1) obesity; (2) left ulnar neuropathy and right frozen shoulder; (3) mild lumbar degenerative disc disease and scoliosis and thoracic spine spondylosis; (4) chronic obstructive pulmonary disease; (5) an adjustment disorder; and (6) a pain disorder. Id. At step three, the ALJ determined that Plaintiff's impairments did not meet or equal, either singly or in combination, a listed impairment. Tr. 33.

At step four, the ALJ concluded that Plaintiff has the residual functional capacity (RFC) to

> perform light work as defined in 20 CFR 404.1567(b) except: She can lift 20 pounds occasionally, and 10 pounds frequently. She can stand, walk, and sit for six hours in an eight-hour day. She can frequently climb stairs and ramps. She can occasionally climb ladders and scaffolds. She can frequently perform balancing, stooping, kneeling, crouching, and crawling. She cannot perform overhead reaching with her left arm. She can perform occasionally [sic] grasping with the left hand. She can perform frequently [sic] grasping with her right hand.

4 - OPINION & ORDER

> She can perform frequent fingering with both hands. She must avoid moderate exposure to dust, chemical vapors, fumes, and pulmonary irritants. She must avoid concentrated exposure to workplace hazards (i.e. working at heights and moving machinery). She is limited to unskilled work (routine repetitive tasks with simple instructions). She is limited to occasional brief contact with the general public.

Tr. 35.

With this RFC, the ALJ determined that Plaintiff is unable to perform any of her past relevant work. Tr. 41. However, at step five, the ALJ determined that Plaintiff is able to perform jobs that exist in significant numbers in the economy such as bakery helper and blending tank tender/helper. Tr. 42. Thus, the ALJ determined that Plaintiff is not disabled. Id.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. Id.; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." Vasquez, 572 F.3d at 591 (internal quotation marks and brackets omitted); see also Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation marks omitted).

5 - OPINION & ORDER

DISCUSSION

Plaintiff argues that the ALJ erred in finding her subjective testimony not credible, in rejecting opinions of an examining physician and an examining psychologist, in rejecting lay witness testimony, and in formulating a hypothetical that failed to include all her limitations. Because I agree with Plaintiff that the ALJ improperly rejected the examining physician's opinion, and because the record establishes that Plaintiff is disabled when that opinion is credited, I do not address Plaintiff's other arguments.

Dr. Nancy Maloney, M.D., performed a physical examination of Plaintiff on February 24, 2011. Tr. 387-92. In conjunction with her examination, she reviewed Plaintiff's medical records as well as three records from the fall of 2008 regarding Plaintiff's mental health. Tr. 387. She also reviewed imaging studies (cervical, thoracic, and lumbar x-rays) from 2010, and the results of a 2006 abdominal ultrasound. Tr. 391.

Based on her review of the records and the physical examination she conducted, Dr. Maloney opined that since December 2007, Plaintiff has more probably than not, been unable to sustain sedentary, light, or medium level work. Tr. 391. In her opinion, Plaintiff must frequently change position to include sitting, standing, walking, with horizontal positioning every thirty minutes and she cannot sit for more than a brief period of time as a result of neck, shoulder, low back, and lower extremity pain. Id. Dr. Maloney stated that Plaintiff is unable to sit for a total of six out of eight hours per day and she cannot stand/walk for more than two hours in an eight-hour day. Tr. 391-92. Her ability to stand or walk is further limited to no more than thirty minutes at one time. Id. And, she must lie down ten to fifteen times per day for anywhere from ten minutes to two hours. Tr. 392. Dr. Maloney further opined that Plaintiff's left ulnar neuropathy with

ulnar aspect hand numbness interferes with Plaintiff's ability to grip, carry, and open jars. Id.

Dr. Maloney also stated that Plaintiff would be absent three or more days per month as a result of her thoracic and lumbar spondylosis and her neck, shoulder, low back, and lower extremity pain. Id. She also has limits in her ability to repetitively move her trunk and limbs and in her ability to reach overhead. Id.

The ALJ gave Dr. Maloney's opinion "little weight" for several reasons. Tr. 40. First, the ALJ noted that Dr. Maloney failed to account for the fact that Plaintiff's conditions had been treated conservatively. Id. (noting that Plaintiff testified she had never had surgery, steroid injections, or physical therapy (other than briefly ten years earlier)). Id. Second, the ALJ found that Dr. Maloney's opinion that Plaintiff is limited to less than sedentary activities was inconsistent with Plaintiff's activities of daily living. Id. Third, the ALJ noted that Dr. Maloney did not account for Plaintiff's abilities if she stopped smoking and drinking, took her medication as prescribed, and exercised regularly. Id. Fourth, the ALJ found that Dr. Maloney's opinions of Plaintiff's limitations were not supported by the medical evidence or the medical record as a whole. Id.

Social security law recognizes three types of physicians: (1) treating, (2) examining, and (3) nonexamining. Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Generally, more weight is given to the opinion of a treating physician than to the opinion of those who do not actually treat the claimant. Id.; 20 C.F.R. §§ 1527(c)(1)-(2).

"To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. If a treating or

7 - OPINION & ORDER

examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted).  There is no dispute that Dr. Maloney's opinion was contradicted by other evidence in the record and thus, the ALJ was required to provide specific and legitimate reasons in support of his rejection of Dr. Maloney's opinion.

     Dr. Maloney's report shows that she reviewed Plaintiff's medical and mental health records as part of her evaluation and examination.  Tr. 387.  Those records reveal that Plaintiff has not had surgery, steroid injections, or ongoing physical therapy for her back pain.  Additionally, Dr. Maloney expressly noted Plaintiff's lack of surgical history other than a C-section.  Tr. 388.  As a result, the ALJ's conclusion that Dr. Maloney did not account for Plaintiff's conservative treatment is not supported in the record.

     The ALJ overstates the evidence in the record regarding Plaintiff's activities of daily living.  In rejecting Dr. Maloney's opinion on this basis, the ALJ cited his previous discussion of Plaintiff's daily living activities in the context of assessing Plaintiff's credibility.  Tr. 40.  There, the ALJ cited Plaintiff's participation in a job training program in August 2008, helping her children get ready for school, performance of light household chores, ability to drive a car, and shopping for groceries as evidence that her daily activities suggest a level of functioning greater than what she alleged in her application and testimony.  Tr. 37.

     The record shows that Plaintiff told Nurse Practitioner Kristina Keller that she participated in a four-hour job training program in August 2008.  Tr. 209.  At the same time, she told NP Keller that it took her two and one-half days to recover from that training.  Tr. 209.  She

also told NP Keller at the same visit that she was having significant difficulties with routine activities and that her low back pain limited her in the amount and type of activity she can do.  Id.

In the Adult Function Report Plaintiff completed in September 2008, she stated that she wakes up her boys for school and then goes back to bed, after making sure they leave for school on time.  Tr. 157.  Plaintiff's children are teenagers and do not require any hands-on care. Plaintiff tries to work on light chores but takes frequent breaks due to pain in her back and pain and numbness in her legs and feet.  Id.  There are days she works on no chores due to depression and pain.  Id.  She watches television and prefers to lie down because of pain.  Id.  Her boys return home from school in the afternoon and they help her make dinner, usually with Plaintiff sitting in the kitchen and telling her sons how to prepare things.  Id.  She noted that her children were self-sufficient and that she makes sure they have what they need and they get their homework done.  Id.  Her children care for their pets because of Plaintiff's pain and numbness. Id.  She repeated that she worked on light chores when she feels up to it, but takes frequent breaks due to pain and some days works on no chores.  Tr. 159.  Her children vacuum and mop because she cannot, and they take care of the yard.  Id.  Although she drives, she limits her driving to short distances because the pain in her back increases when she sits for long periods of time.  Tr. 160.  And, while she shops for groceries, she explained that she and her boys do it together, every other week, and that her children push the cart and carry the groceries and then put them away because they know she is in pain.  Id.  She takes a list to make the shopping as fast as possible and tries not to walk down aisles unnecessarily.  Id.

As this description of the evidence shows, the ALJ's reference to Plaintiff being able to perform household chores, drive a car, shop for groceries, etc., does not fully address her

9 - OPINION & ORDER

abilities.  The ALJ failed to include the critical facts that the job training program was of short duration and negatively affected Plaintiff for two days and that she completes very few of the noted activities without assistance or interruption.  The evidence cited by the ALJ actually shows that Plaintiff is much more restricted than the ALJ suggested.  For this reason, the ALJ's rejection of Dr. Maloney's opinion based on the opinion's alleged inconsistency with Plaintiff's activities of daily living, is not supported by substantial evidence in the record.

The ALJ's next reason for not crediting Dr. Maloney's opinion was the ALJ's determination that Dr. Maloney failed to account for Plaintiff's abilities if she stopped smoking and drinking, exercised regularly, and took her medication as prescribed.  Tr. 40.  I agree with Defendant that Plaintiff's reliance on Social Security Ruling 82-59 is misplaced.

That regulation provides that "[i]ndividuals with a <u>disabling impairment</u> which is amenable to treatment that could be expected to restore their ability to work must follow the prescribed treatment to be found under a disability, unless there is a justifiable cause for the failure to follow such treatment."  SSR 82-59, at *1, available at 1982 WL 31384.  Notably, the ruling applies only to an "individual who would otherwise be found to be under a disability, but who fails without justifiable cause to follow treatment prescribed by a treating source which the Social Security Administration (SSA) determines can be expected to restore the individual's ability to work[.]"  <u>Id.</u>  As the Ninth Circuit explained, "[t]he procedures that SSR 82–59 mandates . . . only apply to claimants who would otherwise be disabled within the meaning of the Act" and when the Secretary bases the "denial of [] benefits solely on [the claimant's] failure to follow prescribed treatment."  <u>Roberts v. Shalala</u>, 66 F.3d 179, 183 (9th Cir. 1995) (describing procedures under SSR 82-59 as requiring the ALJ to give the claimant an opportunity to explain

why he or she has failed to follow treatment, contacting the treating physician to clarify the treatment the claimant was told to follow, and notifying the claimant of the possibility of denial on this basis prior to the hearing). Here, because the ALJ did not deny benefits solely on the basis of noncompliance with treatment to a claimant who would otherwise be found to have a disabling impairment, SSR 82-59 does not apply.

Nonetheless, I agree with Plaintiff that rejecting Dr. Maloney's opinion because she failed to account for theoretical improvement in Plaintiff's symptoms if Plaintiff complied with recommended treatment, was error. A claimant's failure to comply with recommended treatment is a legitimate basis for concluding that the claimant's subjective symptom and pain testimony is not credible. E.g., Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (ALJ may properly consider "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment" when weighing credibility); see also SSR 96-7p, at *7, available at 1996 WL 374186 (an "individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure."). This makes sense because if a claimant is truly suffering extreme pain or significant limitations in skills required to work, it is reasonable to assume that the claimant would do everything possible to alleviate the pain or symptoms and thus, an unexplained failure to follow recommended treatment creates doubt regarding a claimant's subjective pain and limitations testimony.

That same rational does not apply to the rejection of an examining physician's opinion. Defendant cites no cases for the proposition that an examining physician's opinion is not reliable

or credible because that physician did not assess the claimant's abilities if the claimant complied with recommended treatment.  As noted above, Dr. Maloney reviewed Plaintiff's medical records and thus was on notice that Plaintiff had been advised to exercise, but did not do so regularly, that she continued to smoke even though she had been advised to quit, and that she continued to occasionally drink alcohol even though alcohol may have been a cause of her stomach issues.  Nonetheless, Dr. Maloney still assessed Plaintiff as being significantly limited in her activities.  She explicitly noted that Plaintiff was not a malingerer and that Plaintiff's complaints were reasonable and credible in light of her diagnoses.  Tr. 392.  Moreover, there is nothing in the record to establish that had Plaintiff quit smoking, quit drinking, and started exercising, that some or all of her impairments would improve to the point that she could engage in substantial gainful activity.  Complying with these recommended treatments may or may not have an impact on her neuropathic pain, her ulnar neuritis, or other impairments.   Accordingly, the ALJ improperly rejected Dr. Maloney's opinion for the reason that Dr. Maloney failed to account for Plaintiff's abilities had she complied with recommended treatment.

       Finally, the ALJ determined that Dr. Maloney's opinion was not supported by the medical evidence or the medical record as a whole.  The ALJ failed to specify what evidence contradicted Dr. Maloney's opinion and instead, offered only his conclusory assertion.  Tr. 40.  Defendant cites to an opinion by Plaintiff's treating physician Dr. Dan Teng, M.D. in which he indicated in May 2009 that Plaintiff could probably do some type of employment and likely did not qualify for full disability.  Tr. 370.  But, the ALJ himself gave Dr. Teng's opinion only "some weight" because, while Dr. Teng personally treated Plaintiff, his "opinion is vague and nonspecific, which detracts from its value." Tr. 38.

Defendant also cites to an opinion by examining physician Dr. David Evans, M.D., which, as described by Defendant suggests that in November 2008, Dr. Evans found Plaintiff's abilities to stand, walk, and sit to be unlimited. But, the full explanation by Dr. Evans is as follows:

> While Mrs. Winslow does have some objective findings consistent with liver disease, I don't think that this is a major component of her disability. The subjective complaints of peripheral neuropathy and low back pain that signficant[ly] inhibit her ability to work. She does have an associate's degree in animal technology so she is capable of re[-]education. Her ability to stand, walk and sit would objectively appear to be unlimited though complaints of peripheral neuropathy can not entirely be ignored nor substantiated.

Tr. 242.

When considered in its entirety, Defendant's characterization of Dr. Evans's opinion appears to be an overstatement. Dr. Evans clearly noted that while Plaintiff's complaints related to her neuropathy could not be substantiated, they also could not be ignored. Thus, the portions of the record cited by Defendant as being inconsistent with Dr. Maloney's opinion were either rejected by the ALJ for being vague and inconsistent or are not so inconsistent as to undermine Dr. Maloney's assessment.

Defendant cites to Batson v. Commissioner, 359 F.3d 1190 (9th Cir. 2004), for the proposition that an "ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings" Id. at 1195 (citation omitted). Here, Dr. Maloney's opinion is not brief given that it is almost six pages of single-spaced type and includes information regarding the records reviewed, Plaintiff's chief complaints, her current medical history, her functional history, past medical history, surgical history, and the results of a comprehensive physical examination performed by Dr. Maloney. Tr. 387-92. For

13 - OPINION & ORDER

these same reasons, it cannot be characterized as conclusory. Thus, the law from Batson does not apply.

None of the reasons given by the ALJ in support of rejecting Dr. Maloney's opinions are supported by substantial evidence in the record. Accordingly, the ALJ erred by disregarding her opinions. Moreover, during the hearing, the ALJ discussed Dr. Maloney's report while posing hypotheticals to the VE. Tr. 534. The ALJ was about to give a third hypothetical to the VE, and instead, asked Plaintiff's counsel if he would stipulate that Dr. Maloney's opinion established that Plaintiff was disabled. Id. ("would you agree that if I were to adopt the opinion expressed by Dr. Maloney that I would have to conclude that she is disabled?"). Plaintiff's counsel agreed. Id.

The decision whether to remand a matter for further proceedings or for an immediate payment of benefits is within the court's discretion. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). "[A] remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits." Holohan, 246 F.3d at 1210. Here, remand for further proceedings is not required because the record establishes that the ALJ failed to give legally sufficient reasons for rejecting Dr. Maloney's opinion and that if Dr. Maloney's opinion is credited, Plaintiff is disabled.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

14 - OPINION & ORDER

CONCLUSION

The Commissioner's decision is reversed and remanded for a determination of benefits.

IT IS SO ORDERED.

Dated this \_\_\_\_7\_\_\_\_ day of \_\_\_\_April_____, 2014



*/s/ Marco Hernandez*
Marco A. Hernandez
United States District Judge

15 - OPINION & ORDER